UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MOON,

Plaintiff,

v.

MICHIGAN DEPARTMENT OF CORRECTIONS, FRELING, BARDEN, CODY TURNWALD, PAM SAUNDERS, ZAMORA, MDOC BUREAU OF HEALTH CARE SERVICES, JOHN CHRISTIANSEN, DESCOE, WENTZEL, HALL, SOBECK, and LEOS,

Case No. 25-cv-14026
Honorable Linda V. Parker

Defendants.

______________________________________/

**OPINION AND ORDER**

In December 2025, Plaintiff David Moon ("Moon"), a "gender dysphoric intersex woman" prisoner proceeding pro se, filed this action against the Michigan Department of Corrections ("MDOC"), the MDOC Bureau of Health Care Services, and various other prison staff (collectively, "Defendants"). (ECF No. 1.) In January 2026, the Court referred the case to Magistrate Judge Patricia T. Morris for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and

recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 9.) On May 13, 2026, Magistrate Judge Morris issued a Report and Recommendation (the "R&R") that this Court grant the motion for summary judgment for failure to exhaust and dismiss the case in its entirety. (ECF No. 37.) Moon filed objections to which Defendants responded. (ECF Nos. 41 and 42). On October 14, 2026, this Court issued an opinion denying the motion in part and granting it in part. (ECF No. 44.) In relevant part, the Court denied the motion to the extent it sought dismissal of all claims brought against Defendants for Moon's failure to exhaust her administrative remedies. (*See id.*) In that regard, Defendants filed a motion to reconsider under the Local Rules for the Eastern District of Michigan. (ECF No. 45.) For the reasons set forth below, the Court will deny the motion to reconsider. Pursuant to Local Rule 7.1(h)(3), no response or hearing will be held to resolve this motion.

## I. Legal Standard

Local Rule 7.1(h)(2) provides that:

> Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
>
> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;

(B) An intervening change in controlling law warrants a different outcome; or
(C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

## II. Discussion

Defendants have neither presented new facts that warrant another outcome nor identified an intervening change in the law. As such, only the first subsection noted above is at play. Defendants advance several arguments in that regard. None of them have merit for the reasons set forth below.

### A. The Court Did Not Craft Plaintiff's Objections Nor Did It Improperly Consider Them

In Defendants' view, Moon's objections were too general to warrant consideration, and to the extent they were not, the Court improperly reframed Moon's argument regarding whether the exhaustion requirement applies to her. To that latter point, Defendants suggest that Moon never argued that "the administrative grievance process was unavailable to her." (ECF No. 45 at PageID.282.) As a result of the Court's handling of Moon's objections, Defendants say, they were left surprised and ultimately, prejudiced. Defendants are wrong in all respects.

In Moon's response to the motion to dismiss, Moon specifically referred to *Ross v. Blake* for the proposition—which was at the heart of the Court's analysis—that exhaustion is not required if the administrative process is unavailable. (ECF

No. 25 at PageID.171 (citing 578 U.S. 632, 642 (2016).) Moon's fourth objection to the R&R specifically cited to that same case. (ECF No. 41 at PageID.234.) Her fourth objection repeatedly characterized the MDOC grievance process as an example of a "dead end grievance" procedure. (*Id*. at PageID.233-34.) It also recited the rule that "if the plaintiff contends that he was prevented from exhausting his remedies, the defendant must present evidence showing that the plaintiff's ability to exhaust was not hindered." (*Id*. at PageID.234 (citing *Lamb v. Kendrick*, 52 F.4th 286, 295 (6th Cir. 2022).) Most notably, Moon asserted that the R&R failed to hold Defendants to that burden in that the R&R "mischaracterized Plaintiff's demonstration of objective facts regarding the [prison staff's] total unwillingness to provide relief as a subjective belief," while specifically noting that she "continued to utilize the administrative procedures despite her subjective beliefs" that the process would be futile up until the "retaliation reached a level that would be potentially life threatening." (*Id*. at PageID.235-36.) Such detailed assertions go to the heart of the objection—the unavailability of the grievance procedures—that the Court accepted in its opinion.

Reviewing the rest of Moon's objections corroborates that it was Moon, and not the Court, that raised the unavailability argument. (ECF No. 41 at PageID.229 (in her first objection, she notes that there were "retaliatory acts" that "deterred her from pursuing administrative remedies"); *id*. at PageID.230 (in her second

objection, she explains why the sexual assault charges could not be exhausted); *id*. at PageID.231 (arguing, in her third objection, that the magistrate "erred in her legal analysis of Plaintiff's retaliation claims rendering administrative procedures unavailable").) As a result, Defendants are without bases to argue that they were surprised, let alone prejudiced. That is particularly true where their earlier briefing belies such a conclusion. (ECF No. 36 at PageID.208 (in their reply brief, Defendants acknowledge that: "Plaintiff argues [in her response brief] that she is excused from exhausting her administrative remedies pursuant to *Ross v. Blake*, 578 U.S. 632 (2016), because the administrative remedy was unavailable to her.").)

In sum, there is no merit to Defendants' argument that they "received no notice that [they] should present further arguments to address this argument until the Court's order reframing Plaintiff's objections was issued." (ECF No. 45 at PageID.283.) To the extent Defendants contest whether Moon provided sufficient detail in drafting her objections, the Court finds that she has furnished sufficient detail. As just discussed, Moon specifically identifies case law and certain facts that demonstrate how that case law was wrongly applied to her circumstances.

### B. It Was Appropriate to Deny Summary Judgment in Part for Failure to Exhaust Under the Law and the Facts

The Court also overrules Defendants' second objection that the Court was wrong, under the law and the facts, to deny summary judgment in part for failure to exhaust. To start, the Court did not inappropriately rely on Moon's fear of

retaliation "based on lawsuits filed at other facilities." (ECF No. 45 at PageID.284.) The Court did not take judicial notice of any of her lawsuits, incorporate any of them into its factual background, or so much as allude to a single one of her other cases in its opinion. (*See generally* ECF No. 44.) In concluding that Moon was "so afraid, from an objective standpoint, that she was dissuaded from utilizing the grievance process," the Court was plainly referring to the actions of various Defendants following the assault that she asserts left her permanently disfigured, including but not limited to the allegation that Sobeck replaced her clothes with feces-stained clothing meant for male inmates. (*Id*. at PageID.264-65.)

To the extent that Defendants believe Sobeck's "alleged intimidation is wholly unrelated to Plaintiff's failure to file a single grievance against any staff member," the Court disagrees. (ECF No. 45 at PageID.284.) Again, Sobeck's conduct, coupled with that of the remaining Defendants, creates a genuine issue of material fact as to whether there was intimidation that instilled objective fear so as to excuse the exhaustion requirement. The Court will not repeat its detailed analysis in that regard. (*See* ECF No. 44 at PageID.264-66.)

The Court will not entertain arguments that require weighing evidence, such as Defendants' argument that Moon could not have been objectively fearful given that she "raised complaints against other Defendants prior to her interactions with

Sobeck." (ECF No. 45 at PageID.286); *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986) (on summary judgment, courts may not "weigh the evidence and determine the truth of the matter").

Finally, the Court remains unmoved by Defendants' appeal to *Napier*. (ECF No. 45 at PageID.286 (citing *Napier v. Laurel Cnty.*, 636 F.3d 218, 222 (6th Cir. 2011)).) It is true that, as a result of *Napier*, plaintiffs like Moon must perform "some affirmative efforts to comply with the administrative process before [a court will] analyz[e]whether the facility rendered the[ir] remedies unavailable" given that the "only way to determine if the process [i]s available, or futile, [i]s to try." 636 F.3d at 224. In this case, however, Defendants do not properly advance a failure to exhaust argument under *Napier* at any point. In their motion to dismiss, Defendants argue that Moon cannot be said to have exhausted because she "has not filed any grievance." (ECF No. 22 at PageID.128.) But this argument does not carry the day. Moon's failure to file any grievance is not dispositive. *See Bruce v. Corr. Med. Servs*., 389 F. App'x 462, 467 (6th Cir. 2010) (noting that the prisoner attempted to file a grievance and "was told Policy 501.01 would not allow it"); *Napier*, 636 F.3d at 224 (noting that, in *Bruce*, "the prisoner did *something*" so as to conceivably excuse the exhaustion requirement). Defendants, notably, stop short of asserting, in their motion to dismiss, that she did not *attempt* to file any grievances. (*See generally* ECF No. 22.) It is not until the reply brief that they

make such an argument, rendering that argument waived. (ECF No. 36 at PageID.210 (for the first time, Defendants assert that Moon "has put forth no argument that . . . she even *attempted* to utilize the grievance process since arriving at STF."); *Palazzo v. Harvey*, 380 F. Supp. 3d 723, 730 (M.D. Tenn. 2019) (noting that an argument raised for the first time on reply is waived). Even then, their reply brief does not cite *Napier* or a subsequent case referring to this proposition from *Napier*, rendering it waived for that reason as well. *Rice v. Comm'r of Soc. Sec*., 169 F. App'x 452, 454 (6th Cir. 2006) (concluding that the plaintiff's "observations . . . without . . . legal argument" amounted to waiver of the issue). In Defendants' response to Moon's objections to the R&R, they make the opposite mistake: they cite a pertinent case but do not assert that Moon failed to attempt to exhaust. (ECF No. 42 at PageID.248 ( "*Lamb* goes on to examine whether the plaintiff made 'sufficient affirmative efforts to comply with step one of [the State's] grievance process.' Unlike the present case, the plaintiff in *Lamb* actually filed a grievance for the Court to analyze." (quoting 636 F.3d at 295).). Indeed, the way Defendants craft their argument matters, particularly in light of what Judge Nalbandian describes (in his dissent) as "our [circuit's] odd, initial inquiry" into such affirmative acts. *Lamb*, 52 F.4th at 303 (quoting *Napier*, 636 F.3d at 223-24)).

In any event, that Moon filed no grievance does not doom Moon's case, as just noted. *See Bruce v. Corr. Med. Servs.*, 389 F. App'x at 467; *Napier*, 636 F.3d at 224. While a prisoner may not "entirely fail[] to invoke the prison's grievance procedure," a prisoner need not "utilize every conceivable channel to grieve their case." *Napier*, 636 F.3d at 224.

Here, it is not as though the record shows that Moon "did nothing," as was the case in *Napier*, to grieve her case. 636 F.3d at 224. On the contrary, Moon alleges that, following the incident that she asserts left her permanently disfigured, she had a scheduled appointment with the Security Classification Committee, which was never held. (ECF No. 44 at PageID.262 (citing ECF No. 15 at PageID.80).) To this same point, Moon asserts that she "continued to utilize the administrative procedures despite her subjective beliefs" that the process would be futile up until the "retaliation reached a level that would be potentially life threatening." (ECF No. 41 at PageID.236.) In other words, when drawing all reasonable inferences in Moon's favor, the Court is satisfied that there remains a genuine issue of material fact as to whether she performed affirmative acts consistent with the Sixth Circuit's ruling in *Napier*. As Defendants do not present further argument, the Court has no occasion, at this juncture, to wade deeper into this analysis insofar as evaluating whether her efforts were sufficient under the circumstances. *Lee v. Willey*, 789 F.3d 673, 675 (6th Cir. 2015) ("When a prisoner

makes affirmative efforts to comply but does not succeed, [courts] analyze 'whether those efforts to exhaust were sufficient under the circumstances.'" (quoting *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011))). For the forgoing reasons, the Court will overrule Defendants' second objection.

### C. The Court Need Not Consider the Other Arguments that the R&R Did Not Address

Defendants' final objection fares no better. It makes much of the fact that the Court considered only certain arguments that the R&R left unaddressed. In relevant part, the Court considered Defendants' sovereign immunity argument but did not address their Rule 8 argument. The Court declined to consider the latter argument because Defendants failed to adequately brief the issue. As this rationale is the subject of Defendants' third objection, the Court will elaborate on it below.

To start, the Court finds it difficult to follow Defendants' argument given the manner in which the motion to dismiss is organized; ostensibly, the motion proceeds under either Federal Rule of Civil Procedure 8 or 12(b)(6), or both. (*Compare* ECF No. 22 at PageID.118 (giving the general standard for a motion to dismiss under Rule 12(b)(6) and, at the same time, reciting the Rule 8 prohibition against lumping together a group of defendants) *with id*. at PageID.120 (a few pages later, Defendants repeat the Rule 12(b)(6) standard).)

To the extent Defendants argue that Moon fails to state a claim under Rule 12(b)(6), Defendants fail to recite the elements of the claims they seek to have

dismissed. For instance, Defendants argue that Moon "does not provide any facts to support a [First Amendment] retaliation claim against Defendant MDOC," yet Defendants themselves fail to provide the elements of a retaliation claim. (*Id*. at PageID.120.) Similarly, Defendants assert that it is "unclear what alleged facts Plaintiff believes establishes a claim under the ADA or ECLRA" without reciting the elements of either claim. (*Id*. at PageID.121.) Such issues are deemed waived. *Webb v. Comm'r of Soc. Sec*., No. 2:16-cv-10015, 2017 WL 1164708, at *10 (E.D. Mich. Mar. 29, 2017) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)). This result should come as no surprise to Defendants; as they themselves repeatedly point out, the Court should not do the parties' work for them.

To the extent that Defendants argue that Moon improperly groups Defendants in violation of Rule 8, the Court disagrees. Plaintiff's complaint is sufficiently organized. For these reasons, the Court overrules Defendants' third objection.

## III. Conclusion

The Court overrules Defendants' three objections and, accordingly, denies Defendants' motion to reconsider.

Accordingly,

**IT IS ORDERED** that Defendants' motion to reconsider (ECF No. 45) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 5, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 5, 2026, by electronic and/or U.S. First Class mail.

s/R. Thieme
Case Manager